# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                               Case No.: 8:19-cr-319-WFJ-CPT

ROBER JESUS OLMEDO ORTIZ
_____/

## ORDER

Citing Amendment 821 to the United States Sentencing Guidelines, Rober Jesus Olmedo Ortiz, USM#: 72434-018, moves, *pro se*, (Dkts. 133, 134, 135, 145) for a reduction in sentence. Amendment 821, Part B, amends Section 4C1.1, United States Sentencing Guidelines, to permit a two-level decrease to a defendant's offense level if a defendant satisfies the criteria in Section 4C1.1(a), including the absence of a criminal history point under Chapter 4.

Under 18 U.S.C. § 3582(c)(2), an incarcerated defendant's prison sentence might warrant a retroactive reduction if the advisory sentencing range on which the defendant's sentence was based "has subsequently been lowered by the Sentencing Commission . . . [and] if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." Under 28 U.S.C. § 994(u), if the Sentencing Commission lowers the advisory sentencing range for a "particular offense or category of offense," the Sentencing Commission must "specify in what circumstances and by what amount the sentences of prisoners serving terms of

imprisonment for the offense may be reduced." Section 1B1.10, United States Sentencing Guidelines, expressly permits a retroactive reduction for an incarcerated defendant to whom Amendment 821 applies, but any reduction cannot decrease a sentence below the time that the defendant "has already served."

Accordingly, because Amendment 821 lowers the advisory sentencing range for a defendant without, among other things, a criminal history point, Section 3582, Section 994(u), and Section 1B1.10 permit a reduction in an incarcerated defendant's prison term if at sentencing the defendant had no criminal history points, if the offense of conviction satisfies the criteria in Section 4C1.1(a), and if a reduction is consistent with 18 U.S.C. § 3553(a).

On September 25, 2020, Rober Jesus Olmedo Ortiz was sentenced under 46 U.S.C. §§ 70503(a), 70506(a) and (b), and 21 U.S.C. § 960(b)(1)(B)(ii), for conspiracy to possess with intent to distribute five kilograms or more of cocaine while aboard a vessel subject to the jurisdiction of the U.S. He received an 87-month prison term. Mr. Olmedo Ortiz's total offense level was 31. He was assessed no criminal history points, and his criminal history was category I. Mr. Olmedo Ortiz's advisory sentencing range was 108-135 months, and the Court varied below the guidelines range. The Court varied downward in view of the Defendant's remorse, extreme poverty in his home country, his family ties and responsibilities, and to avoid unwarranted sentencing disparities among the

2

defendants. The Bureau of Prisons online inmate locator shows a release date from BOP custody as of November 4, 2025.

In accord with the Middle District of Florida's administrative order (Dkt. 115 in 3:21-mc-1-TJC) implementing Amendment 821, the United States Probation Office must submit a memorandum (1) that states whether a movant is eligible for a sentence reduction under Amendment 821 and (2) if the movant is eligible, that proposes a new advisory sentencing range based on the decrease authorized by Amendment 821. USPO submits a memorandum reporting that under 18 U.S.C. § 3582(c)(2) and the policy statement in USSG §1B1.10(b)(2)(A), a retroactive application of Amendment 821 would impermissibly reduce Mr. Olmedo Ortiz's term of imprisonment to below the minimum of the amended guideline range of 87-108 months in prison.

A Federal Defender was appointed and filed a notice of satisfying its requirements under the Amendment 821 Omnibus Order. Dkt. 154. The Federal Defender will not be filing a motion for sentence reduction on behalf of Defendant Rober Jesus Olmedo Ortiz because he was sentenced "to the lowest permissible sentence." *Id*. This Court provided 21 days for any *pro se* filing, but nothing has been filed. Dkt. 156.

Even if Defendant were eligible and even considering the revised advisory guidelines and the sentencing factors in 18 U.S.C. § 3553(a), the Court would not

reduce the 87-month sentence. This case involved an international marine narcotics smuggling operation using a go-fast vessel in the Eastern Pacific Ocean. The U.S. Coast Guard intercepted the go-fast vessel as it attempted to flee at a high rate of speed. After disabling the engines, the Coast Guard boarded and found many of the jettisoned packages were still attached to the vessel and some remained on board. On board, 419 kilograms of cocaine was seized. To reduce this sentence further would not properly "reflect the seriousness of the offense" or "promote respect for the law." *See id.* at (a)(2)(A). The sentences courts impose (and the sentences courts reduce) have an effect upon deterrence (see *id.* at (a)(2)(B)) and deterrence would be impaired by this proposed reduction. Lastly, Defendant is a citizen of Colombia and will likely be deported.

Rober Jesus Olemdo Ortiz's *pro se* motions (Dkts. 133, 134, 135, 145) for a reduction in sentence are **DENIED**. His sentence remains unchanged.

**DONE AND ORDERED** at Tampa, Florida on June 12, 2025.

_____
**WILLIAM F. JUNG**
**UNITED STATES DISTRICT JUDGE**